IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TEDDY WAYNE SOLOMON, #25882-077, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | 3:10-CV-0069-N |
| | § | |
| BUREAU OF PRISONS, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge for findings, conclusions and recommendation. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* civil action filed by a non-prisoner *pro se* plaintiff on behalf of a *pro se* federal prisoner.

Parties: Plaintiff Teddy Wayne Solomon ("Solomon") is confined within the Bureau of Prisons (BOP) at FCI Beaumont in Beaumont, Texas. Defendant is the BOP. No process has been issued in this case pending preliminary screening.

Findings and Conclusions: On January 14, 2010, Richard L. Spady ("Spady"), of South Lancaster, Massachusetts, filed a complaint and motion to proceed *in forma pauperis* on behalf of Solomon. Spady signed both pleadings.

On January 20, 2010, the court issued a notice of deficiency and order, which the clerk mailed to Solomon at his unit of confinement, as well as to Spady's Massachusetts address. The

order noted that the complaint failed to comply with Fed. R. Civ. P. 8(a), and that Solomon had failed to sign the complaint and motion to proceed *in forma pauperis*, and include a certified statement of the balance in his inmate trust account. The order directed Solomon to cure the deficiencies within thirty days and cautioned him that failure to comply with the order would result in a recommendation that the complaint be dismissed for failure to prosecute. As of the date of this recommendation, Solomon has failed to comply with the deficiency order. Nor has he submitted a motion for extension of time to do so.

Rule 41(b), of the Federal Rules of Civil Procedure, allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127(5th Cir. 1988). "This authority [under Rule 41(b)] flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 82 S.Ct. 1386 (1962)).

Because Plaintiff has been given ample opportunity to comply with the deficiency order, but he has refused or declined to do so, this action should be dismissed without prejudice for lack of prosecution. *See* Fed. R. Civ. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified); *Callip v. Harris County Child Welfare Department*, 757 F.2d 1513, 1519 (5th Cir. 1985) (setting out higher standard for dismissals with prejudice for want of prosecution).[1]

---

[1] It is unclear whether the higher standard for dismissal with prejudice for want of prosecution would be applicable in this case. The complaint fails to allege when the "tort claim" even occurred. (Doc. #1.) Nevertheless, since Spady may have filed this case without

2

RECOMMENDATION:

For the foregoing reasons, it is recommended that this action be DISMISSED without prejudice for want of prosecution pursuant to Federal Rule of Civil Procedure 41(b), and that the motion to proceed *in forma pauperis* (Doc. #2) be DENIED as moot.

Signed this 4th day of March, 2010.

*Wm. F. Sanderson, Jr.*
WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

---

Solomon's permission, dismissal is appropriate.